UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN EUGENE TURNBOW,<br><br>    Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:16-cv-01227-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his application for a period of disability and disability insurance benefits (ECF No. 1.) The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 20.)

On November 16, 2017, a hearing was held, at which counsel for Plaintiff, Melissa Newel, Esq., and counsel for Defendant, Daniel Talbert, Esq., appeared. (ECF No. 18.) Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

First, the ALJ did not err in rejecting the opinion of Plaintiff's treating clinical psychologist, Gary Sunday, Ph.D. "[T]his circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but

1

do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Generally, the opinion of treating physicians should be afforded greater weight than that of both examining physicians and nonexamining physicians. *Lester*, 81 F.3d at 830. In turn, the opinion of examining physicians should be afforded greater weight than that of nonexamining physicians. *Lester*, 81 F.3d at 830.

An ALJ "must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)).

Here, Plaintiff's treating clinical psychologist, Gary Sunday, Ph.D., submitted a check-the-box Mental Medical Source Statement. AR 605-607. Dr. Sunday stated that due to Plaintiff's chronic conditions, he was "not likely to improve to degree to return to simple or complex work duties," and would be absent from work or unable to complete an 8-hour workday more than five days per month. AR 605, 607. Dr. Sunday indicated that Plaintiff's impairments in the areas of concentration, memory, and social interaction would preclude him from performing work for 15% or more of an 8-hour workday. AR 605-606. Dr. Sunday also indicated that Plaintiff's impairment in the areas of understanding and memory would preclude his ability to understand and remember very short and simple instructions 10% of an 8-hour work day. AR 605.

The ALJ gave Dr. Sunday's opinion no weight. AR 18. The ALJ found that the opinion was "overreaching and exaggerated." *Id.* The ALJ reasoned that the opinion was unsupported by clinical data and notes, and was contradicted by other opinions and Dr. Sundays' own finding that Plaintiff was not disabled. *Id.*

The Court finds that the ALJ has set forth specific and legitimate reasons supported by substantial evidence for rejecting the Dr. Sunday's opinion. The ALJ discussed Dr. Sunday's opinion and treatment notes at length. AR 17-18. The ALJ also compared Dr. Sunday's evaluation of Plaintiff's symptoms to that of other mental health professionals, who found Plaintiff's symptoms less severe. For example, the ALJ noted that on January 29, 2014, Dr. Sunday involuntarily confined Plaintiff because Plaintiff threatened Dr. Sunday for not completing Plaintiff's disability paperwork. AR 17, 735, 760. On the same day, Dr. Olson also evaluated Plaintiff and reported a normal mental status examination, and that Plaintiff expressed that he had overreacted and would apologize to Dr. Sunday. AR 17, 744-746. Thus, the ALJ's reasoning was specific and legitimate, and supported by substantial evidence.

Second, "an ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. The ALJ must first determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quotations omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1014-15. "It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (citation and quotations omitted). Furthermore, a lack of objective medical evidence is a factor that the ALJ can consider in his credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). However, an ALJ "may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Here, the ALJ determined that Plaintiff had severe impairments, and found no evidence of malingering. Thus, the ALJ was required to provide specific, clear, and convincing reasons for finding Plaintiff's testimony regarding his neck and back pain not fully credible. The ALJ found

that Plaintiff reported that his neck and pain were controlled with medications and that physical examination revealed a normal gait, normal ranges of motion, and full motor strength in all extremities. AR. 18-19, 468, 659-660, 740-741. Further, the ALJ found that Plaintiff received conservative treatment, was not recommended for surgery or extraordinary therapies, and was not prescribed any assistive device. AR 19, 50, 377, 396, 482, 533. The Court finds that the ALJ met her burden. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir.2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."); *Warren v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (finding that impairments that are effectively controlled with medication are not disabling); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (finding that a failure to follow prescribed treatment can be considered in determining credibility). Thus the ALJ provided specific, clear, and convincing evidence for rejecting claimant's testimony about the severity of his symptoms.

Third, "[l]ay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). But, the ALJ is not required "to discuss every witness's testimony on an individualized, witness-by-witness basis." *Molina*, 674 F.3d at 1114. "If the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Id.* at 1114 (citing *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)). In short, the ALJ must explain his reasons for disregarding a lay witness testimony, either individually or in the aggregate. *Id.* at 1115.

Here, Plaintiff's wife completed a Third-Party Function Report. AR 220-228. The ALJ gave this lay opinion little weight. AR 18. She reasoned that "it is unpersuasive for the same reasons that the [Plaintiff's] own allegations do not fully persuade [the ALJ], observing that they lack substantial support from objective findings in the record." *Id.* The Court finds that the ALJ provided germane reasons for rejecting the lay opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (finding that inconsistency with medical evidence is a germane reason for

4

discrediting the testimony of lay witnesses). Thus, the ALJ's rejection of the Third-Party Function Report completed by Plaintiff's wife was not error.

Accordingly, for the reasons announced by the Court on the record at the conclusion of the parties' oral argument on November 16, 2017, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 27, 2017**  /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE